**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| UNITED STATES OF AMERICA |
| v. |
| GLEN OMER VIAU, |
| Defendant. |

Criminal No. 19-09 (CKK)

**MEMORANDUM OPINION**
(July 29, 2019)

A federal indictment charges Defendant Glen Omer Viau with one count of making false statements to the United States government, in violation of 18 U.S.C. § 1001(a)(1). These alleged false statements concern the export of restricted United States Navy data to the People's Republic of China ("China") during a business proposal to China's naval force. Defendant has moved under 18 U.S.C. § 3142 to modify the conditions of his release so that he is permitted to travel to Vietnam, Singapore, Thailand, and China for business reasons. Upon consideration of the briefing,[1] the relevant legal authorities, and the record as a whole, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's [33] Motion to Modify his Conditions of Release. The Court will modify Defendant's conditions of release so that he is permitted to travel to Vietnam, Singapore, and Thailand for business purposes, providing that Defendant provide the Pretrial Services Agency with an advance copy of his itinerary and that Defendant continue his weekly check-ins with the Pretrial Services Agency. However, for the reasons explained below, the Court will not permit Defendant to travel to China.

---

[1] The Court's consideration has focused on the following documents:

- Glen Viau's Mot. to Modify his Conditions of Release and Incorp. Mem. in Support, ECF No. 33 ("Def.'s Mem."); and
- Gov.'s Mem. in Opp'n to Def.'s Mot. to Modify his Conditions of Release, ECF No. 35 ("Gov.'s Opp'n").

1

# I. BACKGROUND

The Court draws on the briefing and the docket for certain relevant proceedings in this matter. On January 8, 2019, Defendant was indicted on one count of making false statements in violation of 18 U.S.C. § 1001(a)(1). Gov.'s Opp'n, ECF No. 35, 2; Indictment, ECF No. 4. Initially, Defendant was released from the District of Columbia jail on a $50,000 cash bond and ordered to reside in the District of Columbia and to check-in with the Pretrial Services Agency in person on a weekly basis. Def.'s Mot., ECF No. 33, 1. In February, the Court modified the conditions of Defendant's release and allowed him to return to his family in Vancouver, Canada and to conduct weekly check-ins telephonically with the Pretrial Services Agency. *Id.* On June 7, 2019, the Court further modified Defendant's conditions of release, allowing him to travel to designated locations within Canada and Europe for family and business purposes with advance notice to the Pretrial Services Agency. *Id.* at 2; June 7, 2019 Order, ECF No. 29.

The Government did not object to any of the above modifications to the conditions of Defendant's release. Additionally, Defendant has been in compliance with the conditions of his release, checking-in with the Pretrial Services Agency weekly by phone and attending scheduled Status Hearings.

Defendant now moves for a further modification of his conditions of release. Defendant requests that he be allowed to travel to Vietnam, Singapore, Thailand, and China for business purposes. The Government does not oppose his travel to Vietnam, Singapore, or Thailand. As travel to those countries is not opposed, and the Court concludes that it can still be reasonably assured of Defendant's appearance, the Court GRANTS IN PART Defendant's Motion and permits his travel to Vietnam, Singapore, and Thailand for business purposes. Defendant should provide an advance copy of his travel itinerary to the Pretrial Services Agency prior to any travel

and should continue his weekly check-in with the Pretrial Services Agency. However, the Government does oppose the modification of Defendant's conditions of release to allow travel to China. As such, the Court's analysis focuses on Defendant's request that he be allowed to travel to China. The Court finds that the inclusion of a condition permitting Defendant's travel to China would not reasonably assure the appearance of Defendant as required.

## II. LEGAL STANDARD

The touchstone of the pretrial detention inquiry is whether a defendant's "release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). Imposition of a condition or combination of conditions of release may be necessary to achieve such assurance. *Id.* § 3142(c). Failing that, a defendant is detained until trial. *See id.* § 3142(a), (e); *see also* § 3142(d) (providing for temporary detention in certain circumstances).

In determining appropriate conditions of release, the Court takes the following factors into consideration:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

3

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

*Id.* § 3142(g). The defendant should be "subject to the least restrictive … condition, or combination of conditions, [] that [the Court] determines will reasonably assure the appearance of the person as required. *Id.* § 3142(c)(1)(B).

### III. DISCUSSION

Defendant requests that he be allowed to travel to China for business purposes. Defendant insists that if his request to expand his international travel to China is granted, his release conditions will still "reasonably assure his appearance, reasonably assure the safety of any other person and the community, and will continue to be the least restrictive means of achieving his appearance, as required by statute." Def.'s Mot., ECF No. 33, 2.

Considering the Section 3142(g) factors, the Court concludes that Defendant should not be permitted to travel to China pending his trial date.

#### *1. Nature and Circumstances of the Offenses Charged, and Weight of the Evidence Against the Defendant*

Under Section 3142(g), the Court must specifically consider that Defendant has been indicted for making false statements to the United States. The parties dispute whether the sentencing guidelines range for Defendant would be 0-6 months or 6-12 months. Def.'s Mot., ECF No. 33, 8 (0-6 months); Pl.'s Mot., ECF No. 35, 6 n.3 (6-12 months). While either sentencing range is relatively low, the nature of the charge is serious and could have effects on Defendant's business, which involves providing atmospheric diving suits and support to international purchasers. Additionally, Defendant's alleged false statements concerned the export of restricted United States Navy data to China. Accordingly, the offense with which Defendant was charged directly relates to his business ties to China. Because the charges against Defendant directly relate

4

to his business ties to China, the Court is concerned about allowing Defendant to travel to China to conduct business.

Moreover, while the Court is making no judgment about the merits of this case, the Court notes that a grand jury has found probable cause to conclude that Defendant engaged in the criminal activity of which he is accused. Moreover, the Government submits that there is substantial evidence against Defendant including the specific data that Defendant allegedly sent or caused to be sent to China, some of which contained the following distribution statement: "Distribution authorized to U.S. government agencies only…" Pl.'s Opp'n, ECF No. 35, 7.

Accordingly, the Court finds that the nature and circumstances of the offenses charged, as well as the weight of the evidence against Defendant, strongly suggest that a condition allowing Defendant to travel to China would not reasonably assure the appearance of Defendant as required.

### 2. *History and Characteristics of the Defendant, and the Nature and Seriousness of the Danger to Any Person or the Community That Would Be Posed by the Defendant's Release*

Defendant has no prior criminal record and has complied with the conditions of his release thus far. Additionally, considering his family and his business, Defendant has personal and financial incentives to return to the United States for court appearances. The government is seeking, and the Court is ordering, conditions of release based solely on risk of flight, not danger to the community. As such, the final Section 3142(g) factor—the nature and seriousness of the danger to any person or the community—has minimal relevance. *United States v. Bikundi*, 47 F. Supp. 3d 131, 137 (D.D.C. 2014).

However, the Court notes that Defendant is not a United States citizen and has no ties to the District of Columbia. Moreover, Defendant has business ties to China and is alleged to have a business relationship with the Chinese Navy. Defendant's business ties to not only China

generally, but to the Chinese military specifically, raise concerns about Defendant's risk of flight if allowed to travel to China. Moreover, the United States does not have an extradition treaty with China.

The Court is not convinced that any of the personal characteristics identified by Defendant sufficiently mitigate the risk of flight posed by Defendant if allowed to travel to China, or the other two factors weighing against him. At this time, Defendant is permitted to travel internationally to a large number of countries in order to grow his business. But, Defendant's business interests do not outweigh the Court's concerns about risk of flight as it relates to China.

## IV. CONCLUSION

Upon consideration of all of the evidence and the factors set forth in 18 U.S.C. § 3142(g), and the possible release conditions set forth in § 3142(c), the Court finds that Defendant's appearance is not reasonably assured if Defendant's conditions of release are modified to allow travel to China.

Accordingly, for the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's [33] Motion to Modify Conditions of Release. Defendant is permitted to travel to Vietnam, Singapore, and Thailand for business purposes, provided that Defendant provide the Pretrial Services Agency with an advance copy of his itinerary and continue his weekly check-ins with the Pretrial Services Agency. However, Defendant is not permitted to travel to China.

An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge